917 F.2d 1302
 18 Media L. Rep. 1623
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re the SOUTH CAROLINA PRESS ASSOCIATION, South Carolina
Broadcasters Association, Cosmos Broadcasting Corporation,
the State-Record Company, Inc., the Evening Post Publishing
Company, and the Greenville-News-Piedmont Company, Petitioners.
 No. 90-5910.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 16, 1990.
Decided Nov. 13, 1990.
 
 On Petition for Writ of Mandamus. (CR-90-339)
 Jay Bender, Belser, Baker, Barwick, Ravenel & Bender, Columbia, S.C., James V. Dunbar, Jr., Deborah R.J. Shupe, Barry, Dunbar, Daniel, O'Connor, Jordon & Eslinger, Columbia, S.C., for petitioners.
 PETITION DENIED.
 Before WIDENER, CHAPMAN and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is the second petition for writ of mandamus arising from the trial of the above action. The petitioners are publishers of newspapers of general circulation within the State of South Carolina, and they seek the writ to require the trial judge to open the voir dire of the jury venire to the press and the public.
 
 
 2
 Prior to beginning the voir dire, the trial judge indicated that he thought it would be necessary to close this part of the trial to ensure that prospective jurors would fully answer the court's questions, and that such action was necessary to preserve the defendant's right to a fair trial and the jurors' right to privacy. The court indicated that it would be required to inquire into the prospective jurors' possible racial prejudice, attitudes toward elected officials, concerns about "sting" operations, efforts to bribe members of the General Assembly, use of undercover agents, possible entrapment and many other sensitive areas.
 
 
 3
 Petitioners requested a hearing on the question of whether to close the courtroom. This request was granted and the trial judge heard and considered petitioners' opposition to closing the voir dire. The court found that by only questioning the prospective jurors in private would truthful answers be obtained, and that no reasonable alternative to closing this part of the trial was available.
 
 
 4
 The defendant Luther Langford Taylor, Jr. approved of the court's action in closing this part of the trial and the United States Attorney took no position on this issue. The defendant is an elected member of the South Carolina General Assembly. Approximately ten members of the General Assembly have been indicted and this is the first case to proceed to trial.
 
 
 5
 The investigation leading to these indictments, and all activities both before and since the indictments, have produced intense coverage and comment by all news media in South Carolina. The voir dire began on the morning of October 15, 1990, and late that afternoon a petition for writ of mandamus was submitted to a judge of this court and immediate relief was denied. The petition was then filed with the Clerk of Court on October 16 and thereafter forwarded to the present panel. In addition to the petition for the writ of mandamus, there was a motion for expedited consideration. The panel has granted the motion for expedited consideration but hereby denies the petition for writ of mandamus. Selection of the jury was completed on the afternoon of October 16, and the trial should be concluded in the next day or two. The relief sought by the petition may not now be effectively granted and the issue is moot, because the petit jury has been seated and has almost completed its work.
 
 
 6
 We dispense with oral argument because of the time constraints and because it would not aid in the decisional process.
 
 MOTION DENIED